CHASE, The R. P. See Case No. 12,099.

CHASKEL (NEW YORK RUBBER CO. v.). See Case No. 10,215.

CHASSELL (UNITED STATES v.). See Case No. 14,789.

CHASTENEY (WALDRON v.). See Case No. 17,058.

---

## Case No. 2,631a.

### Ex parte CHATFIELD.

[3 App. Com'r Pat. 221.]

Circuit Court, District of Columbia. Oct. 17, 1859.

#### PATENTS—NOVELTY.

[A patent will not be granted for a device differing only in form, but not in principle, from a device in prior use.]

[Appeal from the commissioner of patents.

[Application by Chatfield and Dutcher for letters patent for a device for elevating water by buckets. From a decision of the commissioner of patents rejecting the application, the applicants appeal.]

MORSELL, Circuit Judge. They say in their specifications: "Having thus fully described our invention, what we claim and desire to secure by letters patent of the United States is the endless chain of buckets, C, c, in combination with the driving wheels and pinions operated by weights and pulleys, and regulated by the fan, N, for the purpose of elevating water, the whole being constructed substantially as set forth."

The commissioner in his decision adopts the report of the examiner of the 4th of November, 1858, which is in these words: "The device in this case consists in the application of clock work to elevate water by means of an endless chain of buckets. The examiner in charge has referred to B———, Architecture, Hydr-Alique, pl. 6, &c., as showing an anticipation of means employed by the ap-

[1] [Reported by Jabez S. Holmes, Esq., and here reprinted by permission.]

plicant for this purpose. The reference shows a series of buckets operating by clock work, the mechanism of which, after a careful examination, we are unable to discover differs in any essential particular from the device claimed by the applicant. We must therefore recommend that the application be finally rejected." The commissioner adds: "The aforegoing report is confirmed, and the application rejected. November 5, 1858." To this decision there were three reasons of appeal filed. The first is that the reference upon which our application for a patent has been refused is substantially different from our machine, and incapable of performing the functions or work for which our machine is intended, and to which it is peculiarly adapted.' The second and third are general, &c.

The commissioner's report reaffirms the report of the examiner adopted as the decision of the commissioner, as before said, saying: "The parties in the case claim a combination of mechanical devices for drawing water from wells or cisterns, which, in the judgment of the office, is substantially the same as shown in the reference upon which the application for a patent was rejected," &c. Upon due notice of the time and place appointed for the hearing of said appeal being given, all the original papers with the decision, reasons of appeal and report of the commissioner were laid before me. And the said appellant, by his attorney, appeared, filed his answer in writing, and submitted his case. I have paid every attention in carefully examining and weighing the argument of the appellants' counsel in this case, but its force has not been sufficient to satisfy me that there is any error in the commissioner's decision. I think that, although there is some difference in the form of the two devices (the one referred to and the one in this case), yet there is no substantial difference in the principle.